[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lorelei Margulies, age 68, whose maiden name was Lorelei Elfin and the defendant, Herman Margulies, age 72, were married on August 2, 1963 in New York City, New York. There are no minor children issue of the marriage. CT Page 10985
It is apparent that the marriage has broken down irretrievably. The parties were the owners of real estate located at 32 Revere Road, Washington, Connecticut. On September 25, 1991, the plaintiff transferred her one-half interest in the property to the defendant for an agreed consideration of $60,000.00. This sum was obtained by a $40,000.00 loan from a woman friend of the defendant and a second mortgage on the real estate. With these funds, the plaintiff purchased a condominium at 416B Heritage Village for $55,000 where she resides.
In addition to the agreed upon transfer of real estate, the defendant gave the plaintiff approximately twelve paintings, a dog, paid for a face lift, turned over personal property and paid for a motor vehicle. The plaintiff also took approximately $1,200.00 from a joint checking account when she left. A reasonable interpretation of the actions of the parties when they separated is that they had reached the property distribution to their mutual satisfaction.
This action was commenced September 10, 1991 and has remained in court since that time — over three years. In view of the fact that there are no children, the real property ownership has been agreed upon, there is no apparent reason for this case to languish in the court for so long a period.
From the evidence, while it is clear that the marriage has broken down irretrievably, the court is unable to place blame on either party. The defendant admits to a prior close relationship with a lady friend, but this was after the marriage had broken down and was not the cause.
Neither party is in good health. The plaintiff has problems with hearing, breathing, teeth and vision. The defendant has problems with his eyes, arthritis and polyps of the colon. The defendant is an artist and it is likely that as his vision problems worsen, his ability to paint will suffer.
On December 2, 1991 after a full hearing, the court awarded the plaintiff $75.00 per week as temporary alimony. The plaintiff now seeks $125.00 per week. Based CT Page 10986 upon the affidavits on file, the court finds no basis for an increase. The plaintiff receives social security of $122.55 per week, $127.91 from a family trust and $37.90 from sewing. The defendant receives approximately $373.00 per week from painting sales, etc., German social security of $277.00 per week and a pension of $275.00 per week. His liabilities include debts of approximately $70,000.00 plus a mortgage of $243,700.00. Most of the debt was acquired while the parties lived together.
From the evidence, the court finds that the marriage has broken down irretrievably and the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The defendant shall pay to the plaintiff $75.00 per week as alimony.
3. The plaintiff shall retain all rights to the defendant's pension from Sterling Drug as a surviving spouse on said plan.
4. Each party shall be responsible for the respective debts set forth on their financial affidavits at the time of the final hearing.
5. The defendant shall transfer to the plaintiff all of his right, title and interest in and to the 1990 Plymouth Sundance.
Judgment shall enter accordingly.
PICKETT, J.